UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rand Corporation,

               Plaintiff,

v.                                     Civil Action No. 07cv510 (ADM/JSM)

Yer Song Moua; Manisy Moua; and
John Doe and Mary Rowe,

               Defendants.

**AFFIDAVIT OF JUDI LAWRENCE**

      Judi Lawrence, an employee of Rand Corporation, being first duly sworn on oath, states and alleges as follows:

      1.      I have been an employee of Rand Corporation for the past 7 years, and have personal knowledge of the business records of Rand Corporation, including the preparation of loan documents relevant in this case.

      2.      The minor misstatement of the interest rates for the mortgage in the TILA disclosures provided to the Mouas was a clerical error and unintentional. The net effect of the overstatement of the APR was to suggest that the mortgage loan was .65% (2/3 of 1%) more expensive than the mortgage loan really was. In other words, the Mouas chose to accept the mortgage loan on the terms as stated in the TILA and HOEPA disclosures, but the true cost of the loan was lower and could not possibly have harmed or prejudiced them in any way.

      3.      On or about January 5, 2005, and again on the date of closing, April 22, 2005, I was personally involved in preparing the required disclosures, and amended disclosures, pursuant to the Federal lending statutes, the Truth in Lending Act ("**TILA**") and Home Ownership and

Equity Protection Act ("**HOEPA**"). The only change in the mortgage loan terms from the initial disclosures first given on January 5, 2005, was to increase the loan amount from $198,800.00 to $245,000.00 based on the additional borrowing needs of the Mouas. Thus, the Mouas had several months to consider the mortgage loan terms, shop rates, and close on their separate commercial building prior to choosing to go forward with the April 22, 2005 closing.

4. Neither Albert Miller, the president of Rand Corporation, nor myself were present at the closing, since Excel Title was hired by the parties to conduct the closing, ensure proper signatures of all parties, record documents and disburse closing proceeds.

5. The Notice of Right to Cancel forms attached to the Complaint are the accurate copies of the rescission disclosure forms that Excel Title was required to have the Mouas execute on the day of closing. Excel Title was also provided with additional Notice of Right to Cancel forms that were to be signed by the Mouas on the date of funding their mortgage loan. I have since been made aware that the rescission forms that were to be signed on the date of funding appear on their face to be signed on the date of closing, instead of after the end of their rescission rights. This is an error that can only be explained in one of two ways. Either the Mouas returned to Excel Title on April 27, 2005 to confirm in writing that they chose not to rescind (but mistakenly put the 4-22-05 date on form), or <u>without any authorization from Rand</u>, the Excel Title closer must have asked the Mouas to sign the forms twice on the date of closing. If the Excel Title closer did ask the Mouas to sign twice on the date of closing, that's an issue between the Mouas and Excel Title, and certainly did not cause the Mouas to lose their rescission rights with Rand. Rand respected their rescission rights, and would not have allowed Excel Title to disburse the closing funds before April 27, 2005.

6. In fact, the closer with Excel Title did not make any disbursements of the loan closing proceeds until after the expiration of the three day rescission period. The Notice of Right to Cancel accurately stated that the Mouas were entitled to cancel the transaction by MIDNIGHT on APRIL 26, 2005. Excel Title's disbursement checks were all dated and sent out on April 27, 2005. Accurate copies of the closing checks evidencing such disbursements are attached to this Affidavit as Exhibit 1.

7. It is clear that the Mouas did not cancel the transaction with Rand on or before April 26, 2005, and instead allowed their three-day rescission rights to expire. The loan was then funded after they chose not to rescind.

Dated: March 16, 2007              By: _____
                                        Judi Lawrence

Subscribed and sworn before me
this 16 day of March, 2007.

_____
Notary Public

CONSTANCE J. ADAMS
Notary Public-Minnesota
My Commission Expires Jan 31, 2010



Account:2283033385   Date:05-03-2005   Amount:$4,829.00   Serial:65488

EXHIBIT 1

http://web5.bankcorp.com/scripts/afs/afsweb/AfsWeb.dll?Process?_application=eVision...   03/15/2007



Account:2283033385  Date:05-04-2005  Amount:$47,411.13  Serial:65491





Account:2280045192   Date:05-02-2005   Amount:$222,119.30   Serial:205994