**JOHN M. TANCABEL**
**ATTORNEY AT LAW**
**895 OSCEOLA AVENUE**
**ST. PAUL, MINNESOTA 55105**
**651/224-1244**
**tbell@mm.com**

June 4, 2007

The Honorable Ann D. Montgomery
Judge of District Court
Minneapolis Federal Courthouse
300 South Fourth Street
#13 West
Minneapolis, MN

Re: Rand Corporation v. Yer Song Moua and Manisy Moua
    File No.: 07cv510 (ADM/JSM)

Dear Judge Montgomery:

I request leave to move the Court to reconsider its granting summary judgment in favor of Rand Corporation on the following grounds:

Neither Rand's Memorandum in support of its motion for summary judgment, Rand's Reply Memorandum, nor the Court's memorandum of law address the two basis for the extended right to rescind that were expressly pled by the Mouas, specifically:

**A. Rand included a prohibited prepayment penalty provision in the Mouas' HOEPA loan without meeting all of the five (5) exception conditions.** This was pled in Paragraph 94 of the Mouas' counterclaim.

15 U.S.C. § 1639 forbids any prepayment penalty in a HOEPA loan, unless the lender can meet <u>all of the conditions</u> of a five (5) part test, prescribed in 15 U.S.C. § 1639 (c)(2). Rand cannot meet three (3) of the five (5) conditions in order to fall under the exception of 15 U.S.C. § 1639 (c)(2).

**Condition 1**: The consumer is not liable for an amount of monthly indebtedness payments (including the amount of credit extended or to be extended under the transaction) that is greater than 50 percent of the monthly gross income of the consumer.

Paragraph 94 of the Mouas' Complaint alleges that Mr. Moua earned $13.00 per hour [$2,253.33 gross income] and Mrs. Moua earned approximately $1,000 - $2,000 per month operating a grocery store. Their maximum monthly income was $4,253.33. Fifty-percent of the Mouas gross income was $2,126.66. The promissory note provided for payments of $2,883.55 per month for the first twelve months, followed by $3,272.04 per month for next forty-nine months. Therefore, the Mouas' monthly indebtedness payment ($2,883.55) is greater than 50 percent off their gross income ($2,126,66). Thus, Rand cannot meet the first condition. Rand cannot meet conditions 2 and 3, but due to space limitations, I do not discuss those conditions here.

Due to the foregoing, Rand cannot fall under the exception of 15 U.S.C. § 1639 (c)(2) . As a result, Rand included a prohibited provision in the Mouas' mortgage in the form of a prepayment penalty. The inclusion of a prohibited term constitutes a failure to deliver required disclosures for the purposes of rescission under TILA. 15 U.S.C. § 1639(j); 12 C.F.R. 226.23(a)(3), note 48.

**B. Rand engaged in a pattern or practice of extending credit to consumers under high rate mortgages based on the consumer's collateral without regard to the Moua's repayment ability, including their current and expected income, current obligations and employment, in violation of 15 U.S.C. § 1639(h), . This was pled in Paragraph 91 of the Mouas' counterclaim.**

No consumer can provide evidence to prove this claim without the opportunity to take discovery. If claims for rescission are dismissed with no right to take discovery, it is a de facto repeal of this basis for rescission, since to consumer will have such information prior to taking discovery.

Very truly yours,

/s John M. Tancabel

JMT/rl
cc: Eric Cook