UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rand Corporation,

        Plaintiff,

  v.

Yer Song Moua, Manisy Moua,
John Doe, and Mary Rowe,

        Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 07-510 ADM/JSM

_____

Eric D. Cook, Esq., Wilford & Geske, P.A., Woodbury, MN, on behalf of Plaintiff.

John M. Tancabel, Esq., John M. Tancabel Law Office, St. Paul, MN, on behalf of Defendants.
_____

On June 26, 2007, Yer Song Moua and Manisy Moua ("Mouas") filed a Motion to Stay Enforcement of Judgment [Docket No. 46]. The Mouas argue that stay of Judgment [Docket No. 38] entered on May 31, 2007, is required to prevent the Mouas from suffering irreparable harm while they appeal this Court's Summary Judgment Order [Docket No. 37] to the United States Court of Appeals for the Eighth Circuit. The Mouas argue that absent a stay, they will be evicted from their home in a matter of weeks. The Mouas posted a $3,000 bond earlier in the litigation when injunctive relief was sought. The $3,000 has been proffered now to serve as a supersedeas bond while the case is on appeal to the Eighth Circuit.

The Supreme Court has recognized that "a federal court can stay the enforcement of a judgment pending the outcome of an appeal." Scripps-Howard Radio, Inc. v. Fed. Commc'ns Comm'n, 316 U.S. 4, 10 (1942). "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant. It is an exercise of judicial discretion. The propriety of its issue is dependent upon the circumstances of the particular case." Id. at 10-11 (internal citation

omitted).

Contrary to the Mouas' contentions, the Mouas do not have a strong likelihood of success on the merits of their appeal. As already determined by the Court in its Summary Judgment Order, Rand's failure to provide the Mouas with HOEPA disclosures three days prior to closing does not give rise to a three year right of rescission, the $3,272.04 regular monthly payment was disclosed to the Mouas on some of the disclosures provided, and other alleged disclosure inaccuracies do not give rise to a three year right of rescission. It was also determined Rand did not violate the TILA requirement that consumers be given clear and conspicuous notice of the right to rescind, or require the Mouas to provide an impermissible waiver of their rights. However, the Mouas could be irreparably harmed if they are evicted from their home before the appeals process concludes, and if they are successful on their appeal. Rand could also suffer significant harm if the Mouas are allowed to remain in the home rent-free during the pendency of the appeals process. Rand avers that the Mouas have already failed to make monthly mortgage payments of between $2,883.55 and $3,272.04 each month for the past 19 months. Failure to make monthly mortgage payments for an additional year during which the Mouas' appeal is likely to be pending would cause Rand to ultimately involuntarily pay housing expenses approaching $100,000.00.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the Mouas' Motion to Stay Enforcement of Judgment [Docket No. 46] is **GRANTED**. The Court grants a stay of enforcement of Judgment pending appeal conditioned on the Mouas posting an appropriate supersedeas bond. The $3,000 supersedeas bond previously posted by the Mouas is wholly inadequate. The Mouas are required to post a

bond of $30,000, representing a portion of past arrearage, plus $3,000 per month, representing a portion of present and owing monthly mortgage payments.  The $30,000 amount shall be posted no later than August 1, 2007, and the $3,000 per month should be posted on the first of each month, beginning with August 1, 2007.  The Mouas shall deposit the required funds with the Clerk of Court, who will in turn deposit the funds in an interest bearing account.

                      BY THE COURT:

                      _____s/Ann D. Montgomery_____
                      ANN D. MONTGOMERY
                      U.S. DISTRICT JUDGE

Dated:  July 16, 2007.