UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RAND CORPORATION,                                           CIVIL NO. 07-510 (ADM/JSM)

    Plaintiff,

v.                                                                           REPORT AND RECOMMENDATION

YER SONG MOUA, et al.,

    Defendants.

The above matter came on before the undersigned upon defendants' Motion to Enter Partial Final Judgment [Docket No. 69]. Eric Cook, Esq. appeared on behalf of plaintiff;[1] Nina Simon, Esq. and Amber Hawkins, Esq. appeared on behalf of defendants. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

## I.   PROCEDURAL BACKGROUND

On January 29, 2007, plaintiff instituted this action seeking a declaratory judgment after defendants allegedly improperly rescinded a mortgage given by plaintiff. See Complaint [Docket No. 1]. On March 16, 2007, plaintiff filed for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Docket No. 21]. On May 30, 2007, District Court Judge Ann Montgomery granted plaintiff's motion and entered summary judgment on behalf of plaintiff. [Docket Nos. 37-38]. Defendants appealed, and on March 20, 2009, the Court of Appeals reversed the District Court's decision and remanded for further proceedings. See Docket No. 59; Eighth Circuit Case No. 07-2544, Entry ID 3528938 (Opinion and Judgment filed March 20, 2009).

---

[1]    Cook has since withdrawn as counsel. See Docket No. 93.

On April 3, 2009, defendants motioned the Eighth Circuit for an award of their appellant attorney's fees pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640(a)(3). See Eighth Circuit Case No. 07-2544, Entry ID 3533732 (Motion for Attorneys' Fees filed April 3, 2009). On April 29, 2009, the Eighth Circuit granted the motion, awarding attorney's fees to defendants in the amount of $ 121,142.50 and costs in the amount of $ 933.12. See Docket No. 63; Eighth Circuit Case No. 07-2544, Entry ID 3541891 (Order filed April 29, 2009).

On June 9, 2009, defendants filed the present motion, seeking entry of partial judgment and enforcement of the Eighth Circuit's award of attorney's fees under Rules 54(b) and 58(d) of the Federal Rules of Civil Procedure. Def. Mem. in Support, p. 1 [Docket No. 74]. In support of the motion, defendants contended that the Court has a duty to enter such a judgment at this time where the appellate court's mandate has been received, and that there was no reason to delay entering judgment on the fee award because it was not subject to further review. Id., pp. 1-2.

Plaintiff objected to defendants' request, arguing that the motion was premature on grounds that: (1) there have been no dispositive rulings on the merits of the case, no findings of fact issued, and no determination of which party is the prevailing party, and accordingly, entry of judgment on an award for attorneys fees must be reserved until all underlying issues are resolved; (2) plaintiff's time to appeal the Eighth Circuit's order had not yet expired; [2] (3) it was premature for this Court to determine if an attorney's fees award is appropriate until the parties have had an opportunity to conduct discovery

---

[2] Plaintiff's counsel stated at oral argument that the deadline for appealing the mandate was July 27, 2009. There is nothing in the record to indicate that plaintiff has in fact filed a petition for certiorari with the United States Supreme Court appealing the Eighth Circuit's order.

2

of the circumstances surrounding the subject of the Eighth Circuit's reversal and remand; and (4) the Eighth Circuit's grant of attorneys fees was inappropriate because defendants failed to bring their TILA claims within the statute of limitations provided in the statute and defendants are precluded from obtaining an award of damages for attorneys fees. Pl. Objection, pp. 1-5 [Docket No. 78].

## II. DISCUSSION

Defendants move for an entry of judgment pursuant to Rules 54(b) and 58(d) of the Federal Rules of Civil Procedure. Rule 54(b) states as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 58(d) states that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)," which, in pertinent part, provides that "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion…for attorney's fees under Rule 54."

The Court finds that entry of judgment under Rules 54 and 58 on the matter of defendants' appellate attorney's fees is appropriate because it was mandated by the Eighth Circuit.

> On remand, a district court is bound to obey strictly an appellate mandate. In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895); Houghton v. McDonnell Douglas Corp., 627 F.2d 858,

3

864 (8th Cir.1980); see also Piambino v. Bailey, 757 F.2d 1112 (11th Cir.1985). If the district court fails to comply with an appellate mandate, the appellate court has authority to review the district court's actions and order it to comply with the original mandate. Houghton v. McDonnell Douglas Corp., 716 F.2d 526, 527, 528 (8th Cir.1983). If there are no explicit or implicit instructions to hold further proceedings, a district court has no authority to re-examine an issue settled by a higher court. Nelson v. All American Life & Fin. Corp., 889 F.2d 141, 152 (8th Cir.1989); see also Poletti v. Commissioner, 351 F.2d 345, 347 (8th Cir. 1965) (appellate mandate completely controls all matters within its compass).

Bethea v. Levi Strauss and Co., 916 F.2d 453, 456 (8th Cir. 1990). See also Pearson v. Norris, 94 F.3d 406, 409 (8th Cir. 1996) (a district court "is bound by the [appellate] decree and must carry it into execution" as the "district court 'is without power to do anything which is contrary to the letter or spirit of the mandate construed in light of" the appellate opinion); ProGrowth Bank, Inc. v. Wells Fargo Bank, N.A., 2009 WL 2982939 at *5 (D.Minn. Sept. 14, 2009) ("The basic principle of the mandate rule is that a district court is bound on remand to adhere to the express rulings of its controlling appellate court as well as to any necessary implications of such rulings."); (Triple Five of Minnesota, Inc. v. Simon, 2006 WL 1283833 at *4 (D.Minn. May 9, 2006) ("On remand, the Court may not contravene either the letter or the spirit of an order by the Eighth Circuit. Moreover, the Court cannot give any further or different relief with respect to any question decided on appeal.") (citing Pearson, 94 F.3d at 409 and Klein v. Arkoma Prod. Co., 73 F.3d 779, 784 (8th Cir. 1996)).

Accordingly, the Court is obligated to execute the Eighth Circuit's mandate in this case. U.S. Fire Ins. Co. v. Diocese of Winona, Inc. 503 F.Supp.2d 1129, 1135 (D.Minn. 2007) ("the District Court is 'bound by the [appellate] decree and must carry it into execution....' On remand, the District Court 'is without power to do anything which is contrary to either the letter or the spirit of the mandate construed in light of the opinion

4

of [the appellate] court deciding the case.'") (quoting Thornton v. Carter, 109 F.2d 316, 319-20 (8th Cir. 1940)). Further, as a consequence of the Eighth Circuit's mandate, there is no basis for this Court to address plaintiff's objections to the motion. In short, despite plaintiff's urging that the Court consider its arguments[3] regarding the underlying merits of this case, the Court is not permitted to revisit issues that were settled by the Eighth Circuit. See Lamb Engineering & Const. Co. v. Nebraska Public Power Dist., 145 F.3d 996, 998 (8th Cir. 1998) ("the district court was bound on remand to obey the Eighth Circuit's mandate and not to re-examine issues already settled by our prior panel opinion.").

Finally, with respect to plaintiff's argument at the hearing that there are no time constraints on entering judgment on the Eighth Circuit's mandate, and that a mandate does not necessarily require immediate entry of judgment, as defendants correctly observed, there is no reason to delay judgment because the mandate is not subject to further review. Def. Mem., p. 2. In any event, the Court was unable to find, nor did plaintiff cite, any authority permitting this Court to delay entry of judgment of an appellate mandate. The Court finds no reason or basis to reserve entry of judgment for a later date.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that:

Defendants' Motion to Enter Partial Final Judgment [Docket No. 69] be GRANTED.

---

[3] The Court notes that the arguments against entry of judgment plaintiff made in opposition to the present motion are the very same arguments plaintiff made to the Eighth Circuit in opposition to defendants' motion for attorney's fees. In fact, plaintiff's briefs in opposition before both courts are nearly identical.

Dated:     October 26, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 12, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.